FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 DEC 18  PM 2: 31

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### Case No. 2:13-cv-14050-MARTINEZ-MCALILEY

13-mc-0208

SECURITIES AND EXCHANGE
COMMISSION,

             Plaintiff,

v.

WE THE PEOPLE, INC. OF THE
UNITED STATES,

             Defendant.

_____/

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S. Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a receiver in the above-captioned action; and,

**WHEREAS** Defendant We the People, Inc. of the United States has consented to the appointment of a Receiver with the powers and authority set forth below, without admitting or denying the allegations in the Complaint filed herein, except as to the jurisdiction of this Court; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendant; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendant, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of Defendant We the People, Inc. of the United States, any of its subsidiaries, whether incorporated or unincorporated, and any businesses or business names under which it does business (collectively, the "Receivership Defendant").

2.      Until further Order of this Court, Melanie Emmons Damian is hereby appointed to serve without bond as receiver (the "Receiver") for the estate of the Receivership Defendant.

## II. <u>General Powers and Duties of Receiver</u>

3.      The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendant under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

4.      The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendant are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Receivership Defendant's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver including, but not limited to, pursuant to paragraph 6.F. below.  The Receiver shall assume and control the operation of the Receivership Defendant and shall pursue and preserve all of its claims.

5.      No person holding or claiming any position of any sort with Receivership Defendant shall possess any authority to act by or on behalf of the Receivership Defendant.

6.      Subject to the specific provisions in Sections III through XIV, below, the

2

Receiver shall have the following general powers and duties:

A.   To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendant, including, but not limited to, monies, funds, annuities, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendant owns, possesses, has a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.   To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendant; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

C.   To manage, control, operate and maintain the Receivership Estates and hold in her possession, custody and control all Receivership Property, pending further Order of this Court;

D.   To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Receiver;

E.   To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendant;

F.   To continue to engage or engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

G.   To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.   The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.   To bring or continue such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver;

J.   To pursue, resist and defend all suits, actions, claims and demands which

3

may now be pending or which may be brought by or asserted against the Receivership Estates; and,

K.     To take such other action as may be approved by this Court.

### III. Access to Information

7.     The Receivership Defendant and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the Receivership Defendant, as well as those acting in their place, are hereby ordered and directed to preserve and turn over and/or make available at the premises of the Receivership Defendant to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendant and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

8.     Within ten (10) days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Receivership Defendant; and, (c) the names, addresses and amounts of claims of all known creditors of the Receivership Defendant.

9.     Within thirty (30) days of the entry of this Order, the Receivership Defendant shall file with the Court and serve upon the Receiver and the Commission a sworn statement and accounting, with complete documentation, covering the period from January 1, 2008 to the present:

A.     Of all Receivership Property, wherever located, held by or in the name of the Receivership Defendant, or in which it, directly or indirectly, has or had any beneficial interest, or over which it maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, annuities, real estate, automobiles, jewelry and other assets, stating the location of each; and (b) any and all accounts,

including all funds held in such accounts, with any bank, brokerage or other financial institution held by, in the name of, or for the benefit of the Receivership Defendant, directly or indirectly, or over which it maintained or maintains and/or exercised or exercises any direct or indirect control, or in which it had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B.   Of every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendant has signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendant;

C.   Of all credit, bank, charge, debit or other deferred payment card issued to or used by the Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.   Of all assets received by the Receivership Defendant from any person or entity, including the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Defendant in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities, including charitable gift annuities, they purchased, the date and amount of their investments, and the current location of such funds;

F.   Of all expenditures exceeding $1,000 made by the Receivership Defendant, including those made on their behalf by any person or entity; and

G.   Of all transfers of assets made by the Receivership Defendant.

10.   Within thirty (30) days of the entry of this Order, the Receivership Defendant shall provide to the Receiver and the Commission copies of the Receivership Defendant's federal income tax returns for 2007 through 2011 with all relevant and necessary underlying documentation.

11.   The Receivership Defendant's past and/or present officers, directors, agents,

5

attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendant, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendant.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

12.    The Receiver shall have the power to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

13.    The Receivership Defendant is required to assist the Receiver in fulfilling her duties and obligations.  As such, it must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV.  Access to Books, Records and Accounts

14.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendant.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

15.    The Receivership Defendant, as well as its agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendant, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession

6

of the property, business, books, records, accounts or assets of the Receivership Defendant are hereby directed to deliver the same to the Receiver, her agents and/or employees.

16.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendant that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

A.     Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, annuities, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;

B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.     Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. Access to Real and Personal Property

17.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Defendant, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

18.     The Receiver is authorized to take immediate possession of all real property of the

Receivership Defendant, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

19.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendant, or any other person acting or purporting to act on its behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership, unless so authorized by the Receiver or the Court.

20.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Defendant, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order, excluding mail that is clearly personal mail of individuals.

21.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Estate.

## VI. <u>Notice to Third Parties</u>

22.     The Receiver shall promptly give notice of her appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Receivership Defendant, as the Receiver deems necessary or advisable to

8

effectuate the operation of the receivership.

23.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

24.     In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

25.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of the Receivership Defendant (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendant.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Receivership Defendant shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendant.  The

Receivership Defendant shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

26.   Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Receivership Defendant shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII.  Injunction Against Interference with Receiver

27.   The Receivership Defendant and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or the Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Receivership Defendant or which otherwise affects any Receivership Property; or,

D.   Interfere with or harass the Receiver, or interfere in any manner with the

exclusive jurisdiction of this Court over the Receivership Estates.

28.     The Receivership Defendant shall cooperate with and assist the Receiver in the performance of her duties.

29.     The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. <u>Stay of Litigation</u>

30.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) the Receivership Defendant, including subsidiaries and partnerships and related or affiliated unincorporated entities; or, (d) any of the Receivership Defendant's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

31.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

32.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of the Receivership Defendant against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX. Managing Assets

33.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

34.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of We the People, Inc. of the United States" together with the name of the action.

35.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

36.     Subject to Paragraph 37, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

37.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

38.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, annuitants, governmental and regulatory authorities, and others, as

appropriate and choose, engage, and employ attorneys, accountants, appraisers, investigators and other independent contractors and technical specialists as the Receiver deems advisable or necessary in the performance of the Receiver's duties hereunder.

39.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions.  The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund.  The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund."  The Receivership Defendant shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2.

## X.  Investigate and Prosecute Claims

40.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in her discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

41.     Subject to her obligation to expend receivership funds in a reasonable and cost-

effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendant were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

42.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by the Receivership Defendant.

43.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. **Bankruptcy Filing**

44.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendant. If the Receivership Defendant is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for the Receivership Defendant and may therefore file and manage a Chapter 11 petition.

45.     The provisions of Section VIII above bar any person or entity, other than the

14

Receiver, from placing the Receivership Defendant in bankruptcy proceedings.

## XII.  **Liability of Receiver**

46.     Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

47.     The Receiver and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

48.     This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

49.     In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

## XIII.  **Recommendations and Reports**

50.     The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery of all remaining, recovered, and recoverable Receivership Property (the "Receivership Plan").  The Receivership Plan shall include a recommendation as to whether or how the Receivership Property should be liquidated and/or distributed.  The Receivership Plan shall be subject to Court approval.

51.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Receivership Plan in the above-captioned action, with service copies to counsel of record.

52.     Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

53.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.     A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.     A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.     A list of all known creditors with their addresses and the amounts of their claims;

G.     The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.     The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

54.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses and Accountings

55.     Subject to Paragraphs 56 – 62 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

56.     Subject to Paragraph 57 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist her in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

57.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions"), attached as Exhibit A, agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.  The Receiver's fees shall not exceed $90,000, without further order of the Court.

58.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC

17

a complete copy of the proposed Quarterly Fee Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

59.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

60.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

61.    Each Quarterly Fee Application shall:

A.    Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

B.    Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

62.    At the close of the receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

DONE AND ORDERED in Chambers at Miami, Florida, this 8 day of February, 2013.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record

18

# EXHIBIT A

# TO ORDER APPOINTING RECEIVER

## BILLING INSTRUCTIONS FOR RECEIVERS IN CIVIL ACTIONS
## COMMENCED BY THE U.S. SECURITIES AND EXCHANGE COMMISSION

Except where inconsistent with guidelines established by the applicable district or circuit court, the undersigned hereby represents that, if appointed receiver in a civil action commenced by the U.S. Securities and Exchange Commission (the "SEC" or the "Commission"), each application for professional fees and expenses (the "Application") submitted by the receiver, including all contractors and/or professionals retained by the receiver, will comply with these billing instructions (the "Billing Instructions"). Undersigned further represents that any deviation from the Billing Instructions will be described in writing and submitted to the SEC at least 30 days prior to the filing of the Application with the Receivership Court. Following its receipt and review of proposed applications, as described in section A.2 below, the SEC may object to deviations and charges with which it does not agree.

Undersigned acknowledges that all applications for compensation are interim and are subject to a cost benefit review and final review at the close of the receivership. At the close of the receivership, the receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the receiver during the course of the receivership.

Undersigned acknowledges that, to the extent requested by the SEC, interim fee applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the court as part of the final fee application submitted at the close of the receivership.

V.10.01.08

SEC Receivership Billing Instructions, pg. 2 of 11

A.   **CERTIFICATION**

   1.   Each Application must contain a Certification by the Applicant that:

     (a)   the Certifying Professional has read the Application;

     (b)   to the best of the Applicant's knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions (with any exceptions specifically noted in the Certification and described in the Application);

     (c)   all fees contained in the Application are based on the rates listed in the Applicant's fee schedule attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

     (d)   the Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and,

     (e)   in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), the Applicant requests reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.   If such services are performed by the receiver, the receiver will certify that it is not making a profit on such reimbursable service.

   2.   At least 30 days prior to the filing of the Application with the Court, the Applicant will provide to SEC Counsel a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

B.   **ATTENDANCE AT HEARING ON APPLICATION**

The Receiver or other Certifying Professional shall be present at any hearing to

SEC Receivership Billing Instructions, pg. 3 of 11

consider the Application.

## C.   CONTENT OF APPLICATION

The following information must be provided in the Application:

1.   Information about the Applicant and the Application.

    (a)   the time period covered by the Application;

    (b)   the date the receiver was appointed, the date of the order approving employment of the Applicant, and the date services commenced;

    (c)   the names and hourly rates of all Applicant's professionals and paraprofessionals (the "Fee Schedule"); and,

    (d)   whether the Application is interim or final, and the dates of previous orders on interim Applications along with amounts requested and the amounts allowed or disallowed, all amounts of previous payments, and amount of any allowed Applications which remain unpaid.

2.   Case Status (Narrative).

    (a)   The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    (b)   Summary of the administration of the case, including all funds received and disbursed, and when the case is expected to close;

    (c)   Summary of creditor claims proceedings, including a description of established or anticipated procedures for: (i) providing notice to known and unknown claimants; (ii) receipt and review of claims; (iii) making recommendations to court for payment or denial of claims; and, (iv) final disposition of claims. This summary should also include the status of such claims proceedings after they have been commenced;

    (d)   Description of assets in the receivership estate, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended; and,

SEC Receivership Billing Instructions, pg. 4 of 11

     (e)    Description of liquidated and unliquidated claims held by the receiver, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments).

3.    <u>Current and Previous Billings.</u>

    (a)    Total compensation and expenses requested and any amount(s) previously requested;

    (b)    Total compensation and expenses previously awarded by the court; and,

    (c)    Total hours billed and total amount of billing for each person who billed time during the period for which fees are requested.

4.    <u>Standardized Fund Accounting Report.</u>

The SEC's Standardized Fund Accounting Report ("SFAR") submitted by the Receiver for the most recent quarter shall be attached to any fee application as "Exhibit A".

## D.    <u>TIME RECORDS REQUIRED TO SUPPORT FEE APPLICATIONS</u>

1.    Each professional and paraprofessional must record time in increments of tenths of an hour, and must keep contemporaneous time records on a daily basis.

2.    Time records must set forth in reasonable detail an appropriate narrative description of the services rendered. Without limiting the foregoing, the description should include indications of the participants in, as well as the scope, identification and purpose of the activity that is reasonable in the circumstances.

3.    The Application should separately describe each business enterprise or litigation matter (i.e., "Project") for which outside professionals have been employed. For example, separate litigation matters should be set out individually in the Application as

SEC Receivership Billing Instructions, pg. 5 of 11

individual Projects and each such Project should contain Activity Categories as described in

Sections D.4 and D.5 below. Each Project Category should contain a narrative summary of the

following information:

> (a)   a description of the project, its necessity and benefit to the estate and
> the status of the project including pending litigation for which
> compensation and/or reimbursement of expenses is requested;
>
> (b)   identification of each person providing services on the project; and
>
> (c)   a statement of the number of hours spent and the amount of
> compensation requested by professionals and paraprofessionals on the
> project.

4.      In recording time, each professional and paraprofessional may, subject

to Section D.5 immediately below, describe in one entry the nature of the services rendered

during that day and the aggregate time expended for that day in an "Activity Category" (as

described in section D.5.a and D.5.b, below) without delineating the actual time spent on

each discrete activity in an Activity Category, provided, however, single time entries of

more than one hour in an Activity Category that include two or more activities must include a

notation of the approximate time spent on each activity within the Activity Category.

5.      Time records shall be in chronological order by Activity Category.

Only one category should be used for any given activity and professionals and

paraprofessionals should make their best effort to be consistent in their use of

categories. This applies both within and across firms. Thus, it may be appropriate for

all professionals to discuss the categories in advance and agree generally on how

activities will be categorized. Every effort should be made to use the listed categories in the

first instance and to coordinate the use of additional categories with other professionals in the

case. Notwithstanding the above, all categories must correspond with the SEC's SFAR. The

SEC Receivership Billing Instructions, pg. 6 of 11

time information reflected on the Application shall also be supplied to the SEC Counsel in an

electronic format as directed by SEC staff.

      (a)     <u>Legal Activities.</u>  The following categories are generally more

applicable to attorneys but may be used by all professionals where appropriate.

**ASSET ANALYSIS AND RECOVERY.**  Identification and review of potential
assets including causes of action and non-litigation recoveries.

**ASSET DISPOSITION.**  Sales, leases, abandonment and related transaction
work. Where extended series of sales or other disposition of assets is
contemplated, a separate category should be established for each major
transaction.

**BUSINESS OPERATIONS.**  Issues related to operation of an ongoing
business.

**CASE ADMINISTRATION.**  Coordination and compliance activities, including
preparation of reports to the court, investor inquiries, etc.

**CLAIMS ADMINISTRATION AND OBJECTIONS.**  Expenses in formulating,
gaining approval of and administering any claims procedure.

**EMPLOYEE BENEFITS/PENSIONS.**  Review issues such as severance,
retention, 401K coverage and continuance of pension plan.

      (b)     <u>Financial Activities.</u>  The following categories are generally more

applicable to accountants and financial advisors, but may be used by all professionals where

appropriate.

**ACCOUNTING/AUDITING.**  Activities related to maintaining and auditing
books of account, preparation of financial statements and account analysis.

**BUSINESS ANALYSIS.**  Preparation and review of company business plan;
development and review of strategies; preparation and review of cash flow forecasts
and feasibility studies.

**CORPORATE FINANCE.**  Review financial aspects of potential mergers,
acquisitions and disposition of company or subsidiaries.

**DATA ANALYSIS.**  Management information systems review, installation and

SEC Receivership Billing Instructions, pg. 7 of 11

analysis, construction, maintenance and reporting of significant case financial data, lease rejection, claims, etc.

**STATUS REPORTS.** Preparation and review of periodic reports as may be required by the court.

**LITIGATION CONSULTING.** Providing consulting and expert witness services relating to forensic accounting; etc.

**FORENSIC ACCOUNTING.** Reconstructing books and records from past transactions and bringing accounting current; tracing and sourcing assets.

**TAX ISSUES.** Analysis of tax issues and preparation of state and federal tax returns.

**VALUATION.** Appraise or review appraisals of assets.

E.   **PAYMENT OF FEES AND EXPENSES**

   1.   Presentation of Fees and Expenses in Application.

   (a)   All fees and expenses must be necessary and reasonable; excessive charges will not be paid. To the extent that an Applicant seeks reimbursement of expenses, the Application shall include a categorization of such expenses along with an exhibit summarizing the total expenses for the period covered by the Application.

   (b)   Charges for litigation will be paid only if the litigation is reasonably likely to produce a net economic benefit to the estate. With respect to each litigation matter, the Applicant shall certify that the Applicant determined that the action was likely to produce a net economic benefit to the estate, based on reviews of: (i) the legal theories upon which the action was based, including issues of standing; (ii) the likelihood of collection on any judgment which might be obtained; and, (iii) alternative methods of seeking the relief, such as the retention of counsel on a contingency basis. Retention of counsel on a contingency fee basis should be pursued where the Receiver (after consulting with SEC Counsel) concludes that retention of counsel under the approved fee schedule would produce a lesser economic benefit to the receivership estate. The receiver should memorialize these cost-benefit analyses, through communications with the receiver's counsel, as support for the engagement of such counsel.

   (c)   Invoices and/or bills for each expense item for which reimbursement

SEC Receivership Billing Instructions, pg. 8 of 11

is sought must be kept for seven (7) years after the close of the receivership. Such support shall be provided on request to the court and the SEC, and in appropriate circumstances to any party in interest provided that, where applicable, privilege or confidentiality can be preserved.

(d)   Time spent preparing fee applications, or any documentation in support thereof, may not be charged to the receivership estate.

2.   Allowable and Non-Allowable Reimbursable Expenses.

(a)   Filing Fees Process Service Fees, Witness Fees and Expert Witness Fees.

Filing fees (including for necessary adversaries), process service fees, witness fees, and expert witness fees (subject to court approval of the employment of any professionals and the reasonableness of such fees) shall be allowable to the extent of the actual cost incurred by the Applicant.

(b)   Court Reporter Fees and Transcripts.

Court reporter fees and copies of transcripts shall be allowable to the extent of the actual cost incurred by the Applicant.

(c)   Lien and Title Searches.

The cost for lien and title searches (whether done in-house or by an outside vendor) is allowable to the extent of the actual cost incurred by, or invoiced to, the Applicant.

(d)   Photocopying.

Photocopying shall be allowable at a cost not to exceed $.15 per page. The Applicant shall set forth in its fee application the total number of copies. Outside vendor photocopying charges are allowable at the actual cost invoiced to the Applicant. Necessary copies obtained from the Clerk of the Court (including certified copies) or from the approved court copy service will be permitted at the actual cost incurred by the Applicant.

SEC Receivership Billing Instructions, pg. 9 of 11

The Applicant shall not reflect on the Application any copies for which the

Applicant has been, or expects to be, reimbursed (eg., payment from an opposing party for

document production from which the Applicant has been reimbursed).

(e)    Postage, Overnight Delivered Courier/Messenger Services.

The cost of postage, overnight delivery, and outside courier/messenger services

are reimbursable for the actual cost incurred, if reasonably incurred. Charges should

be minimized whenever possible. For example, couriers/messengers and overnight delivery

service should be used only when first-class mail is impracticable.

(f)    Telephone.

Long distance telephone charges are allowable to the Applicant for the actual

cost invoiced from the telephone carrier. Charges for local telephone exchange

service and cellular telephone service shall not be reimbursable.

(g)    Facsimile Transmission.

A charge for outgoing facsimile transmission to long distance telephone numbers

are reimbursable at the lower of (a) toll charges or (b) if such amount is not readily

determinable, $1.00 per page for domestic and $2.00 per page for international transmissions.

Charges for in-coming facsimiles are not reimbursable. The Application shall state the

total number of pages of the outgoing transmissions.

(h)    Computerized Research.

Computerized legal research services such as Lexis and Westlaw are

reimbursable to the extent of the invoiced cost from the vendor, however if such service is

provided on a monthly or other periodic rate, proportional usage shall not be reimbursable.

(i)    Parking.

SEC Receivership Billing Instructions, pg. 10 of 11

Reimbursement for parking is allowable, including parking by a professional to attend court proceedings, depositions or case conferences, parking at the airport, and client and third party parking (including validation).

       (j)    <u>Travel Expenses and Meals.</u>

Local travel time and related expenses for destinations within a twenty (20) mile radius of the Applicant's office including mileage, taxis, etc. and meals (including staff meals) will not be reimbursed.  Mileage charges for out-of-town travel (outside a twenty (20) mile radius of the Applicant's office) with one's own car are reimbursable at the lesser of the amount customarily charged clients or the amount allowed by the Internal Revenue Service for per mile deductions. For purposes of the foregoing, the Applicant's office shall be the office in which the person incurring the travel expense is located.

Long distance travel time outside a twenty (20) mile radius of the Applicant's office is reimbursable at 50% of the Applicant's regular billing rate. . The reimbursement of long distance travel expenses is subject to the following limitations:  (1) the Applicant shall seek and use the lowest airfare or train fare available to Applicant; (2) luxury accommodations and deluxe meals are not reimbursable; (3) personal, incidental charges such as telephone and laundry are not reimbursable unless necessary as a result of a reasonably unforeseen extended stay not due to the fault of the traveler; and (4) each out-of-pocket travel and allowable miscellaneous administrative expense exceeding $75 requires a receipt that is to be attached to the invoice.

       (k)    <u>Word Processing, Document Preparation, Data Processing, Proofreading, Secretarial and Other Staff Services.</u>

SEC Receivership Billing Instructions, pg. 11 of 11

Secretarial, library, word processing, document preparation (other than by professionals or paraprofessionals), data processing, and other staff services (exclusive of paraprofessional services), including overtime for the foregoing, are not reimbursable. Charges for proofreading for typographical or similar errors are not reimbursable whether the services are performed by a paralegal, secretary, or temporary staff.

(l)     Communications with Investors.

Where appropriate, the estate should promptly create a website, and update the website as appropriate, to provide information as to the activities and condition of the estate to investors. In addition, any necessary basic communications with investors should be handled by clerical or paralegal staff (or comparatively paid staff) to the extent possible. Expenses stemming from a failure to comply with this policy will not be submitted.

Candidate for Appointment as Receiver in
Civil Action Commenced by the
U.S. Securities and Exchange Commission

Date: _8.30.12_

[Printed Name]     Melanie E. Damian
[Address 1]        1000 Brickell Avenue
[Address 2]        Suite 1020
[Address 3]        Miami, Florida  33131
[E-Mail Address]   mdamian@dvllp.com
[Phone Number]     (305) 371-3960
[Fax Number]       (305) 371-3965

# EXHIBIT A

RECEIVER NAME
ADDRESS
CONTACT NUMBER

# STANDARDIZED FUND ACCOUNTING REPORT

## CIVIL – RECEIVERSHIP FUND

### FUND NAME
### CIVIL COURT DOCKET No.

REPORTING PERIOD MM/DD/YYYY TO MM/DD/YYYY

OR

FINAL REPORT DATED MM/DD/YYYY

# REPORT INSTRUCTIONS

The Standardized Fund Accounting Report (SFAR) should be prepared for the reporting period on a cash basis which is a comprehensive basis of accounting other than generally accepted accounting principles. In cash basis accounting, revenues are recorded only when cash is received and expenses are recorded only when cash is paid. Cash basis accounting does not recognize promises to pay or expectations to receive money or services in the future. For all income and expenses, provide documentation evidencing the income received or expense incurred. Business income or assets that are not cash should be reported in the notes with documentation of their current fair market value. For cash and cash equivalents, provide the latest bank and/or investment records to the SEC. Do not file any of the above documentation with the court unless ordered.

**Line 1 – Beginning Balance:** Balance of the Fund at the beginning of the reporting period. The beginning balance may not necessarily include all amounts received in the Fund since inception unless this is the first SFAR filed.

**Line 2 – Business Income:** Amounts received by the Fund from operational income of the business assets, or other business sources.

**Line 3 – Cash and Cash Equivalents:** Include the value of bank and/or brokerage/security accounts as of the reporting period end date. Cash includes coins, currency, checks, money orders, and funds on deposit with a financial institution. Securities include U.S. government securities, municipal securities, corporate stocks, corporate bonds, and securitized debt instruments.

**Line 4 – Interest/Dividend Income:** Interest and/or dividends earned by the Fund from investments and other personal assets during the reporting period.

**Line 5 – Business Asset Liquidation:** Amounts received by the Fund as a result of selling or disposing of the assets of the business in receivership. This is separate from the income generated by the asset and reported in Line 2.

**Line 6 – Personal Asset Liquidation:** Amounts received by the Fund as a result of selling or disposing of the personal assets of individuals.

**Line 7 – Third-Party Litigation Income:** Amounts received by the Fund pursuant to third-party litigation. This should not be included in the income reported in Line 2.

**Line 8 – Miscellaneous - Other:** Amounts received from, an identified payor.

**Line 9 – Disbursements to Investors:** Amounts distributed from the Fund to harmed investors/claimants.

**Line 10 – Disbursements for Receivership Operations:**

   **Line 10a – Disbursements to Receiver or Other Professionals:** Amounts paid from the Fund (both fees and costs, including travel) for Receiver services and contractual services by accountants, bookkeepers, stock brokers, realty brokers, appraisers, agents, trustees, investigators, not related to expenses under Line 10b.
   **Line 10b – Business Asset and Operating Expenses:** Amounts paid from the Fund for the business property assets' maintenance and business operating expenses, taxes,

2                    8/01/08 Final Version 1.0

professional fees, liquidation expenses, administrative services, appraisals and valuation expenses, payment to participant, moving/storage, office furniture and equipment, delivery services, resident agent, copying costs, asset protection costs, etc. These expenses are separate and distinct from those in Line 10a.

**Line 10c – Personal Asset Expenses:** Amounts paid from the Fund for the personal property assets' maintenance and operating expenses, taxes, professional fees, liquidation expenses, administrative services, appraisals and valuation costs, payment to participant, moving/storage, office furniture and equipment, delivery services, resident agent, copying costs, asset protection costs, etc. These expenses are separate and distinct from those in Line 10a.

**Line 10d – Investment Expenses:** Amounts paid from the Fund for banking fees, Court Registry Investment System (CRIS) fees, mandated or economically necessary continuing investments, and other investment related costs.

**Line 10e – Third–Party Litigation Expenses:** Amounts paid from the Fund for attorney fees related to receivership operations and litigation expenses to recover assets to the receivership estate, including outside counsel fees and costs, travel costs, investigative services, filing fees, process servers, court reporters for depositions, etc.

**Line 10f – Tax Administrator Fees and Bonds:** Amounts paid to the Fund's tax administrator for services and/or fiduciary bonds.

**Line 10g – Federal and State Tax Expenses:** Amounts paid in federal and state taxes.

**Line 11 – Disbursements for Distribution Expenses Paid by the Fund:** This line reflects amounts paid from the Fund to administer the plan and should not include amounts reported per Line 14 below. For any disbursement claimed, you must provide the documentation evidencing the expense.

    **11a – Distribution Plan Development Expenses:** All expenses related to the development of a plan of distribution which precede the order approving such plan. Include in Administrative Expenses items such as information technology services, mailing, postage, photocopying, etc.

    **11b – Distribution Plan Implementation Expenses:** All expenses related to the implementation of a plan of distribution which occur following the order approving such plan. Include in Administrative Expenses items such as information technology services, mailing, postage, photocopying, etc.

**Line 12 – Disbursements to Court/Other:** Amounts paid from the Fund for
    **12a –** Court Registry Investment System (CRIS) or other banking fees related to the Fund.
    **12b –** federal income taxes.

**Line 13 – Ending Balance:** Compute as Total Funds Available less Total Funds Disbursed.

**Line 14 – Ending Balance of Fund – Net Assets:** Describe the structure of the Fund's ending balance (basis of the Fund's net assets):
    **14a – Cash & Cash Equivalents:** Amount of the Fund consisting of cash and currency.
    **14b – Investments:** Amount of the Fund that is invested.
    **14c – Other Assets or Uncleared Funds:** Amount of other assets or funds that have not cleared a financial institution.

## OTHER SUPPLEMENTAL INFORMATION

**Line 15 – Disbursements for Plan Administration Expenses Not Paid by the Fund:** This line reflects amounts paid by the defendant or other party to administer the plan and should not include amounts paid from the Fund assets as reported in Line 11.

**15a – Plan Development Expenses Not Paid by the Fund:** All expenses related to the development of a plan of distribution which precede the order approving such plan. Include in Administrative Expenses items such as information technology services, mailing, postage, photocopying, etc.

**15b – Plan Implementation Expenses Not Paid by the Fund:** All expenses related to the implementation of a plan of distribution which occur following the order approving such plan. Include in Administrative Expenses items such as information technology services, mailing, postage, photocopying, etc.

**15c – Tax Administrator Fees & Bonds Not Paid by the Fund:** Amounts paid to the Fund's tax administrator for services and/or fiduciary bonds.

**Line 16 – Disbursements to Court/Other Not Paid by the Fund:** Amounts not paid from the Fund for

      **16a** – Court Registry Investment System (CRIS) or other banking fees related to the Fund.

      **16b** – federal income taxes.

**Line 17 – DC & State Tax Payments:** Taxes paid by a third party which are paid to the DC government or state tax authority.

**Line 18 – No. of Claims:** This should reflect

      **18a** – the number of claims received from investors <u>during this reporting period.</u>

      **18b** – the number of claims received from investors as a result of all orders since the inception of the Fund.

**Line 19 – No. of Claimants/Investors:** This should reflect

      **19a** – the number of claimants/investors receiving distributions <u>during this reporting period.</u>

      **19b** – the number of claimant/investors receiving distributions pursuant to all orders of distribution since the inception of the Fund.

8/01/08 Final Version 1.0

**STANDARDIZED FUND ACCOUNTING REPORT for {Name of Fund} - Cash Basis**
Receivership; Civil Court Docket No.
Reporting Period MM/DD/YYYY to MM/DD/YYYY or Final Report Dated MM/DD/YYYY

| FUND ACCOUNTING (See Instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of MM/DD/YYYY): | | | |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | |
| Line 3 | Cash and Securities | | | |
| Line 4 | Interest/Dividend Income | | | |
| Line 5 | Business Asset Liquidation | | | |
| Line 6 | Personal Asset Liquidation | | | |
| Line 7 | Third-Party Litigation Income | | | |
| Line 8 | Miscellaneous - Other | | | |
| | Total Funds Available (Lines 1 – 8): | | | |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | | | |
| Line 10 | Disbursements for Receivership Operations | | | |
| Line 10a | *Disbursements to Receiver or Other Professionals* | | | |
| Line 10b | *Business Asset Expenses* | | | |
| Line 10c | *Personal Asset Expenses* | | | |
| Line 10d | *Investment Expenses* | | | |
| Line 10e | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | *Total Third-Party Litigation Expenses* | | | |
| Line 10f | *Tax Administrator Fees and Bonds* | | | |
| Line 10g | *Federal and State Tax Payments* | | | |
| | *Total Disbursements for Receivership Operations* | | | |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | *Distribution Plan Development Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator............ | | | |
| | Independent Distribution Consultant (IDC).......... | | | |
| | Distribution Agent............ | | | |
| | Consultants............ | | | |
| | Legal Advisers............ | | | |
| | Tax Advisers............ | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses* | | | |
| Line 11b | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator............ | | | |
| | IDC............ | | | |
| | Distribution Agent............ | | | |
| | Consultants............ | | | |
| | Legal Advisers............ | | | |
| | Tax Advisers............ | | | |
| | 2. Administrative Expense | | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan............ | | | |
| | Claimant Identification............ | | | |
| | Claims Processing............ | | | |
| | Web Site Maintenance/Call Center............ | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution (FAIR) Reporting Expenses | | | |
| | *Total Plan Implementation Expenses* | | | |
| | Total Disbursements for Distribution Expenses Paid by the Fund | | | |
| Line 12 | Disbursements to Court/Other: | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | *Total Disbursements to Court/Other:* | | | |
| | Total Funds Disbursed (Lines 9 – 12): | | | |
| Line 13 | Ending Balance (As of MM/DD/YYYY): | | | |

9/08/08

**STANDARDIZED FUND ACCOUNTING REPORT for {Name of Fund} - Cash Basis**
Receivership; Civil Court Docket No.
Reporting Period MM/DD/YYYY to MM/DD/YYYY or Final Report Dated MM/DD/YYYY

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 14 | Ending Balance of Fund – Net Assets: | | | |
| Line 14a | Cash & Cash Equivalents | | | |
| Line 14b | Investments | | | |
| Line 14c | Other Assets or Uncleared Funds | | | |
| | Total Ending Balance of Fund – Net Assets | | | |

**OTHER SUPPLEMENTAL INFORMATION:**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | Report of Items NOT To Be Paid by the Fund: | | | |
| Line 15 | Disbursements for Plan Administration Expenses Not Paid by the Fund: | | | |
| Line 15a | Plan Development Expenses Not Paid by the Fund: | | | |
| | 1. Fees: | | | |
| | Fund Administrator.................. | | | |
| | IDC.................. | | | |
| | Distribution Agent.................. | | | |
| | Consultants.................. | | | |
| | Legal Advisers.................. | | | |
| | Tax Advisers.................. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | Total Plan Development Expenses Not Paid by the Fund | | | |
| Line 15b | Plan Implementation Expenses Not Paid by the Fund: | | | |
| | 1. Fees: | | | |
| | Fund Administrator.................. | | | |
| | IDC.................. | | | |
| | Distribution Agent.................. | | | |
| | Consultants.................. | | | |
| | Legal Advisers.................. | | | |
| | Tax Advisers.................. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan.................. | | | |
| | Claimant Identification.................. | | | |
| | Claims Processing.................. | | | |
| | Web Site Maintenance/Call Center.................. | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. FAIR Reporting Expenses | | | |
| | Total Plan Implementation Expenses Not Paid by the Fund | | | |
| Line 15c | Tax Administrator Fees & Bonds Not Paid by the Fund | | | |
| | Total Disbursements for Plan Administration Expenses Not Paid by the Fund | | | |
| Line 16 | Disbursements to Court/Other Not Paid by the Fund: | | | |
| Line 16a | Investment Expenses/CRIS Fees | | | |
| Line 16b | Federal Tax Payments | | | |
| | Total Disbursements to Court/Other Not Paid by the Fund: | | | |
| Line 17 | DC & State Tax Payments | | | |
| Line 18 | No. of Claims: | | | |
| Line 18a | # of Claims Received This Reporting Period.................. | | | |
| Line 18b | # of Claims Received Since Inception of Fund.................. | | | |
| Line 19 | No. of Claimants/Investors: | | | |
| Line 19a | # of Claimants/Investors Paid This Reporting Period.................. | | | |
| Line 19b | # of Claimants/Investors Paid Since Inception of Fund.................. | | | |

Receiver:

By: _____
(signature)

_____
(printed name)

_____
(title)

Date: _____

2

9/08/08